# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JAMES RAY MANUEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-1161 |
| | ) | |
| LUANN WALKER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner James Ray Manuel's Motion Requesting Petition for a Writ of Habeas Corpus be Held in Abeyance. (Doc. 9). The Court ordered Defendant served and allowed Defendant an opportunity to respond; as no response was timely filed, the Court presumes the motion unopposed. For the reasons stated herein, the motion (doc. 9) is GRANTED.

### BACKGROUND

A comprehensive background may be found in the Court's prior Order (doc.8); the Court assumes familiarity with that background and will thus briefly summarize the relevant facts. Petitioner filed a petition for a writ of habeas corpus on three grounds: (1) a claim of ineffective assistance of trial counsel premised upon his trial counsel's alleged failure to investigate potentially exculpatory information regarding Petitioner's arm tattoos (doc. 1 at 6); (2) a free-standing "procedural claim of actual innocence" premised upon an alibi witness, Robert Whittier, and the above-mentioned information regarding his arm tattoos (doc. 1 at 6); and (3) a claim under

*Brady v. Maryland*, 373 U.S. 83 (1963) that the prosecution withheld evidence "by deliberately failing to reduce a Witness's oral statement to writing so it could be tendered to the Defense in discovery" (doc. 1 at 19).

State prisoners seeking habeas relief from federal courts must first exhaust all available state remedies. *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018), *cert. denied,* 139 S. Ct. 1587, 203 L. Ed. 2d 716 (2019); *see also* 28 U.S.C. § 2254(b)(1)(A). The Court ascertained Petitioner's free-standing actual innocence claim was unexhausted, but currently being litigated in state court. (Doc. 8 at 7). However, his ineffective assistance of counsel claim was exhausted and, while the Court had concerns about the *Brady* claim, it could not conclude under the Rule 4 standard that the *Brady* claim had not been exhausted. (Doc. 8 at 6–7). A petition containing both exhausted and unexhausted claims cannot continue. *Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016). Therefore, the Court gave Petitioner the choice of dismissing the case, dismissing only the unexhausted claim(s), or requesting a stay until his claims were exhausted. (Doc. 8 at 8–9). He chose to request a stay.

## LEGAL STANDARD

If a prisoner chooses to return to state court to litigate his unexhausted claims, the federal court may stay his exhausted claims, thereby preserving his date of filing for the purposes of the statute of limitations, only if the court finds it falls within "narrow circumstances where there is good cause for the petitioner's stay request, the claim is potentially meritorious, and there is no indication that the petitioner is engaging in dilatory tactics." *Purvis v. United States*, 662 F.3d 939, 945 (7th Cir.

2011). The inquiry into whether a claim is plainly meritless examines only unexhausted claims, not exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

## DISCUSSION

Of the three requirements for a stay request, only one requires significant analysis. According to Petitioner's filings, he was unable to access his alibi witness until said witness recently sent him an unsolicited letter. (Doc. 1 at 75–77). This constitutes good cause for his failure to exhaust and suggests he has not engaged in abusive litigation tactics or intentional delay with respect to this claim. It appears from Petitioner's submissions that he has pursued his claims as he became aware of them, including by filing the instant Petition to ensure his exhausted claims were raised in federal court within the statute of limitations. What remains is to determine whether the unexhausted claim is "plainly meritless." *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017).

The unexhausted claim is, as stated above, a freestanding claim of actual innocence. "[N]either the Supreme Court nor [the Seventh Circuit] has yet indicated that an actual innocence claim could, standing alone, support the issuance of a writ in a non-capital case." *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). Indeed, the Seventh Circuit has "characterized as 'doubtful' the notion that such a claim could

3

support relief on collateral review of a conviction." *Id.* (quoting *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018)).[1]

Moreover, even if freestanding actual innocence is cognizable on habeas review, "evidence of innocence will need to meet an 'extraordinarily high' threshold. *Tabb v. Christianson*, 855 F.3d 757, 764 (7th Cir. 2017) (quoting *Herrera v. Collins*, 506 U.S. 390, 392 (1993)). What this threshold is has not been determined; to use actual innocence as a gateway to forgive procedural default, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Yet the burden for a substantive claim of actual innocence would be higher still. *House v. Bell*, 547 U.S. 518, 555 (2006) (holding a petitioner who had satisfied the *Schlup* standard nonetheless could not meet the standard for a substantive actual innocence claim); *Arnold*, 901 F.3d at 838.[2]

The standard itself is hard enough to meet, but the framework of habeas may make it impossible. Should the Illinois courts proceed to determine Petitioner's claim

---

[1] Actual innocence is undoubtedly cognizable under the Illinois Constitution, *People v. Washington*, 665 N.E.2d 1330, 1337 (1996), but Illinois recognizing such a claim does not alter the federal habeas equation, *Evans v. Lashbrook*, No. 17 C 8571, 2020 WL 1468381, at *4 (N.D. Ill. Mar. 26, 2020).

[2] The Northern District of Indiana has held the relevant standard requires the petitioner to prove "the totality of the evidence must clearly establish the Petitioner's actual innocence by showing that no reasonable juror would have convicted the Petitioner when presented with new evidence." *Stephenson v. Neal*, No. 3:07-CV-539-TLS, 2016 WL 184429, at *2 (N.D. Ind. Jan. 14, 2016). This Court need not reach the precise standard at this time, but only notes the *Stephenson* standard as an example of what may be required.

adversely on the merits, 28 U.S.C. § 2254 will raise Petitioner's burden even higher. Any factual findings by the state courts are presumed correct and a federal habeas petition may only be granted on a factual argument decided by the state court if its determination was unreasonable. *Rice v. Collins*, 546 U.S. 333, 338–39 (2006). The Court wishes to make very plain that an actual innocence claim in this posture is highly unlikely to succeed.

But a high likelihood of failure does not mean the claim is plainly meritless. In *Arnold*, the petitioner was convicted of repeated sexual assault of his son, a minor child at the time. 901 F.3d at 832. The fulcrum of the trial was a credibility contest between Arnold and his son, referred to as M.A. *Id.* at 832–33. M.A. subsequently recanted in an affidavit. *Id.* at 834. The Seventh Circuit "reject[ed] the State's suggestion that M.A.'s recantation *could not* meet the standard for relief on a freestanding claim of actual innocence, however credible a factfinder might determine it to be, such that it would be futile to proceed further." *Id.* at 838 (emphasis in original). In light of the lack of a hearing before the state court, the Seventh Circuit found an evidentiary hearing to weigh the credibility of M.A.'s recantation was necessary before determining "Arnold's claim cannot possibly meet the *Schlup* gateway standard (or whatever incrementally higher standard might govern a freestanding claim of actual innocence)." *Id.* at 839.

The testimony of the proffered alibi witness in this matter would exonerate petitioner as a factual matter, just as the M.A. recantation would exonerate Arnold. *See id.* Barriers may yet be raised by determinations the state courts make, but they

5

are speculative. And while there may simply be no relief for actual innocence claims in federal habeas—especially in a non-capital case—neither the Seventh Circuit nor the Supreme Court has affirmatively shut that door. The similarities between this case and *Arnold* are enough for the Court to be unable to conclude Petitioner's claim is *plainly* meritless.

The Court does not wish to give Petitioner false hope. Even assuming a path to relief exists for freestanding actual innocence, it would be steep, winding, and filled with obstacles. But because the standard for a stay asks whether a claim is plainly meritless, not whether it is meritorious, the Court finds a stay and abeyance is warranted.

## Conclusion

Petitioner James Ray Manuel's Motion Requesting Petition for a Writ of Habeas Corpus be Held in Abeyance (doc. 9) is GRANTED. This case is STAYED pending the outcome of Petitioner's state court proceedings on his actual innocence claim. On or before December 31, 2020, and every six months thereafter Petitioner MUST file a status report indicating the status of his freestanding innocence claim in state court; failure to do so may result in the stay being lifted. And Petitioner MUST file an amended petition raising all claims on which he wishes to proceed within 28 days of exhausting his actual innocence claim in state court, or the case will be dismissed for failure to prosecute.

SO ORDERED.

Entered this 9th day of July 2020.

                                                              s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge